## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANELL PUGH-OZUA,<br><br>                              Plaintiff,<br><br>              -against-<br><br>SPRINGHILL SUITES aka SPRINGHILL SUITES MARRIOTT; MARRIOTT HOTEL SERVICES, INC.; MARRIOTT WORLDWIDE RESERVATION SERVICES, LLC; MARRIOTT RESORTS HOSPITALITY CORPORATION; MARRIOTT RESORTS, TRAVEL COMPANY, INC.; and individually and jointly, CARRIE CARPENTER, GINA NGEAU, and AUBREY KARACIA.<br><br>                              Defendants. | Civil Action No.:<br><br><br>**<u>COMPLAINT</u>**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and though Plaintiff's attorney, the Law Office of Laurie E. Morrison, hereby alleges as follows:

### <u>NATURE OF THE ACTION</u>

1.      This is an employment case about Defendant employers Springhill Suites aka Springhill Suites Marriott; Marriott Hotel Services, Inc.; Marriott Worldwide Reservation Services, LLC; Marriott Resorts Hospitality Corporation; Marriott Resorts, Travel Company, Inc.; and their supervisors, Carrie Carpenter, Gina Ngeau, and Aubrey Karacia, harassing and retaliating against Plaintiff former employee, Shanell Pugh-Ouza, based on sex, gender, pregnancy, the disability of Plaintiff's infant son (i.e., associative discrimination/retaliation), and legally protected complaints. Defendants' unlawful abuse included, but was not limited to reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that

another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

2.     Plaintiff's claims include, but are not limited to, harassment, hostile work environment, discrimination, retaliation and wrongful termination of employment based on gender, sex, pregnancy, disability, medical leave, associative discrimination/retaliation and legally protected complaints in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended, including section 2000e(k) (the Pregnancy Discrimination Act) ("Title VII"); the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended ("ADAAA"); New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (NYCHRL").

3.     Plaintiff's claims include, but are not limited to, direct and associational discrimination, harassment and retaliation. *See e.g.*, Manon v. 878 Educ., LLC, No. 13-cv-3476 (RJS), 2015 U.S. Dist. LEXIS 27016, *6-12 (S.D.N.Y. Mar. 4, 2015) (Plaintiff asserts a viable claim for associational discrimination under the ADA when the plaintiff "demonstrates that she was discriminated against by her employer because of her association with a disabled person … With respect to Plaintiff's claim of discrimination under NYCHRL based on her status as the caregiver for a disabled person, the law is clear that a plaintiff need only point to a medical impairment …"), citing ADA, 42 U.S.C. § 12112(b)(4) & NYCHRL, N.Y.C. Admin. Code §§ 8—102(16), 8—107(1)(a).

4.     This action is against Plaintiff's former employers Springhill Suites aka Springhill Suites Marriott (hereinafter, "Defendant Springhill"); Marriott Hotel Services, Inc. (hereinafter, "Defendant Marriott Hotel"); Marriott Worldwide Reservation Services, LLC (hereinafter, "Defendant Marriott Worldwide"); Marriott Resorts Hospitality Corporation (hereinafter,

"Defendant Marriott Resorts"); Marriott Resorts, Travel Company, Inc. (hereinafter, "Defendant Marriott Travel"), (collectively, "Defendant Companies"); and against Plaintiff's former supervisors, Carrie Carpenter (hereinafter, "Defendant Carpenter"), Gina Ngeau (hereinafter, "Defendant Ngeau"), and Aubrey Karacia (hereinafter, "Defendant Karacia") (collectively, "Defendants").

## **PARTIES**

5.     At all times relevant to this action, Plaintiff, Shanell Pugh-Ouza, was and is a natural person who resided in Kings County, New York.

6.     At all times relevant to this action, Defendant Carpenter was and is a natural person who, upon information and belief, resided in New York County, New York.

7.     At all times relevant to this action, Defendant Ngeau was and is a natural person who, upon information and belief, resided in New York County, New York.

8.     At all times relevant to this action, Defendant Karacia was and is a natural person who, upon information and belief, resided in New York County, New York.

9.     Defendant Springhill is a domestic entity.

10.     Defendant Marriott Hotel is a domestic corporation.

11.     Defendant Marriott Resorts is a foreign business corporation, which is authorized to conduct business in New York State.

12.     Defendant Marriott Travel is a foreign business corporation, which is authorized to conduct business in New York State.

13.     Defendant Marriott Worldwide is a foreign limited liability company, which is authorized to conduct business in New York State.

3

14.     At all times relevant to this action, Defendant Companies maintained an office located at 25 West 37th Street, New York, New York 10018 (hereinafter, "Defendant Companies' Manhattan Office").

15.     At all times relevant to this action, Plaintiff worked in Defendant Companies' Manhattan Office.

16.     At all times relevant to this action, Defendant Companies employed over 100 workers.

17.     Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and/or other grounds.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States.  *See* 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

19.     This Court has supplemental jurisdiction over the New York State and common law claims pursuant to 28 U.S.C. § 1367.

20.     Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

21.     On or around September 20, 2016, Plaintiff filed individual charges of discrimination, harassment and retaliation against Defendant Companies based on sex, gender, pregnancy, the disability of Plaintiff's infant son (i.e., associative discrimination/retaliation), and legally protected complaints (hereinafter, the "Charges") with the Equal Employment

4

Opportunity Commission ("EEOC").  Plaintiff's Charges were dually filed in the New York

State Human Rights Division.

22.      Upon request, Plaintiff received a Notice of Right to Sue, dated November 29,

2017.

23.      Plaintiff files the herein Complaint within 90 days of Plaintiff's receipt of the said

Notice of Right to Sue.

24.      Plaintiff seeks an award of appropriate relief.


## **RELEVANT FACTS**

25.      Defendant Companies hired Plaintiff, Shanell Pugh-Ozua, in November, 2015.

26.      Defendant Companies hired Ms. Pugh-Ozua to work as a front desk agent in

Defendant Companies' Manhattan, New York location.

27.      Ms. Pugh-Ozua's job duties included checking guests in and out of the hotel,

making client reservations, satisfying guest purchase requests from the hotel's in-house market,

receiving and responding to client telephone calls.

28.      Ms. Pugh-Ozua's annual salary was approximately $57,000.

29.      Defendant Carpenter was one of Ms. Pugh-Ouza's direct or indirect supervisors.

30.      On or around the beginning of December, 2015, Ms. Pugh-Ozua found out that

she was pregnant.

31.      Ms. Pugh-Ozua was approximately 8 weeks pregnant at that time.

32.      By late December, 2015, Ms. Pugh-Ozua began to experience loss of appetite,

severe morning sickness and severe nausea that persisted throughout the day, sometimes

followed by vomiting.

33.     Ms. Pugh-Ozua had to have several bathroom breaks at work because of vomiting and nausea.

34.     However, Ms. Pugh-Ozua was able to effectively perform her work duties.

35.     In early January, 2016, Ms. Pugh-Ozua had been exhibiting pregnancy symptoms for weeks.

36.     Defendants placed Ms. Pugh-Ozua on a reduced work schedule.

37.     Ms. Pugh-Ozua had not requested a reduced work schedule.

38.     Ms. Pugh-Ozua did not need one a reduced work schedule.

39.     Before that time, Ms. Pugh-Ozua worked 5 days each week, Thursdays through Mondays, 2:30pm to 10:30pm or 4pm to 12am.

40.     After, Ms. Pugh-Ozua was schedule to work only 3 days each week, 7am to 3pm or 2:30pm to 10:30pm.

41.     At that same time (i.e., on or around early January, 2016), Ms. Pugh-Ozua told co-worker Dilenny (last name unknown) that she was pregnant.

42.     At that time, Ms. Pugh-Ozua was approximately 3 months pregnant.

43.     Approximately one week after Ms. Pugh-Ozua disclosed the information to Dilenny, Defendant Carpenter told Ms. Pugh-Ozua that she was not acting herself lately.

44.     Defendant Carpenter said that Ms. Pugh-Ozua seemed to be pregnant.

45.     At that time, Ms. Pugh-Ozua was already showing and Ms. Pugh-Ozua could no longer fit into her work uniform.

46.     Ms. Pugh-Ouza had medical/health benefits through Defendant Companies.

47.     Ms. Pugh-Ouza's medical/health benefits also covered Ms. Pugh-Ouza's son.

48.     In the morning of a Thursday on or around late January, 2016, Ms. Pugh-Ozua's 13-month old son was hospitalized for a medical emergency that required surgery.

49.     Specifically, Ms. Pugh-Ozua's son had a hernia in his groin, such that his intestines were seeping through the wall of his testicles and were stuck in the wall of his testicles, which resulted in severe pain, an inability to have bowel movements, and other severe complications.

50.     On that same Thursday morning, Ms. Pugh-Ozua notified Defendant Carpenter that she would not be in work because of her son's medical emergency and need for immediate surgery.

51.     Ms. Pugh-Ozua was off from work on that Thursday and on that Friday.

52.     However, Defendants scheduled to work on the Saturday.

53.     Ms. Pugh-Ozua notified Defendant Carpenter well in advance of her Saturday shift.

54.     After the surgery, Ms. Pugh-Ozua texted Defendant Carpenter and asked if Mike "B" (last name unknown), who was a temporary worker, could cover Ms. Pugh-Ozua's Saturday shift because her son just had emergency surgery.

55.     Ms. Pugh-Ozua notified Defendant Carpenter that she was not sure if she would be able to make her work shift.

56.     Ms. Pugh-Ozua also called Mike "B" and asked if he could work her Saturday shift.

57.     Mike "B" declined to do so because a severe snow storm was expected to occur on that Saturday.

58.     Upon information and belief, many of Defendant Companies' employees were expecting to not come into work because of the impending snow storm.

59.     Ms. Pugh-Ozua also notified that Ms. Pugh-Ozua would not be able to come to work on Saturday or on Sunday because her son was still in the hospital recovering from emergency surgery.

60.     At that time (i.e., on or around January, 2016) Defendant Ngeau was Defendant Companies' Operations Manager.

61.     Defendant Ngeau was also one of Ms. Pugh-Ouza's direct or indirect supervisors.

62.     Defendant Ngeau told Ms. Pugh-Ozua to take as much time off from work as she needed.

63.     Mike "B" also ended up coming in to work on that Saturday.

64.     Several other employees called out from work on that Saturday and Sunday due to the snow storm.

65.     On Sunday, Ms. Pugh-Ozua contacted Defendant Ngeau again to remind her that Ms. Pugh-Ozua would not be able to come into work.

66.     Defendant Ngeau again told Ms. Pugh-Ozua that it was fine.

67.     Ms. Pugh-Ozua also kept in contact with Defendant Carpenter that weekend to arrange Ms. Pugh-Ozua's schedule for the following week in light of her son's medical emergency.

68.     Upon information and belief, Defendants' work week schedules are from Fridays to Thursdays.

69.     Defendant Carpenter notified Ms. Pugh-Ozua that she was already scheduled to work on Thursday, February 4, 2016.

70.     Defendant Carpenter also told Ms. Pugh-Ozua that she would be scheduled to work on the following week's schedule.

71.     However, Defendant Carpenter did not tell Ms. Pugh-Ozua which days she would be scheduled to work for that following work week.

72.     Ms. Pugh-Ozua's son was discharged from the hospital on Monday morning.

73.     Ms. Pugh-Ozua's son was released into Ms. Pugh-Ozua's care for his recovery.

74.     Ms. Pugh-Ozua's son still could not walk and he was in severe pain.

75.     Ms. Pugh-Ozua contacted Defendant Carpenter to remind Defendants that she would not be in work on that Monday.

76.     Ms. Pugh-Ozua was also not scheduled to work for the next Tuesday and Wednesday.

77.     On that same Monday morning, Defendant Carpenter told Ms. Pugh-Ozua that she would be placed on a reduced schedule for the following work week.

78.     Ms. Pugh-Ozua did not request a reduced schedule for that following week.

79.     Ms. Pugh-Ozua did not need a reduced schedule for that following week.

80.     On the next day (Tuesday), Ms. Pugh-Ozua contacted Defendant Karacia.

81.     Defendant Karacia was one of Ms. Pugh-Ozua's direct or indirect supervisors.

82.     Ms. Pugh-Ozua asked Defendant Karacia if Defendant Carpenter had posted the work schedule for the following work week.

83.     Defendant Karacia told Ms. Pugh-Ozua that Ms. Pugh-Ozua was not scheduled to work any days during the following work week.

84.     Ms. Pugh-Ozua contacted Defendant Carpenter to ask why she was not on the work schedule.

85.     Ms. Pugh-Ozua complained that she was inappropriately removed from the schedule because of her son's previous medical emergency and hospitalization.

86.     Upon information and belief, Defendants reduced Ms. Pugh-Ozua work schedule because of an incorrect belief that Ms. Pugh-Ozua could not perform her work duties.

87.     Upon information and belief, Defendants reduced Ms. Pugh-Ozua work schedule so that she would not be eligible to receive medical/health benefits to care for her son's disabilities/ailments.

88.     Upon information and belief, Defendants reduced Ms. Pugh-Ozua work schedule because they knew she was pregnant.

89.     Upon information and belief, Defendants did not want to associate with Ms. Pugh-Ozua because of her son's disabilities/ailments.

90.     Upon information and belief, Defendants did not unnecessarily reduce the work hours of male employees who had disabled children.

91.     Ms. Pugh-Ozua complained that she was being discriminated against.

92.     Defendant Carpenter responded that human resources would be mailing Ms. Pugh-Ozua a letter.

93.     Ms. Pugh-Ozua worked on her scheduled Thursday work shift.

94.     On Monday of the following week, Defendant Carpenter contacted Ms. Pugh-Ozua.

95.     Defendant Carpenter told Ms. Pugh-Ozua to come into work the next day (Tuesday) for a meeting.

96.     Ms. Pugh-Ozua requested to instead come in on that Thursday, so that a union delegate could also be present in the meeting.

10

97.     Ms. Pugh-Ozua was not yet a union member.

98.     However, the union delegate could be present in the meeting.

99.     Ms. Pugh-Ozua again complained that she was being discriminated and retaliated against.

100.    In response, Defendant Carpenter terminated Ms. Pugh-Ozua's employment.

101.    Defendant Ngeau was present in that meeting.

102.    Defendant Karacia was present in that meeting.

103.    On or around 2-3 weeks later, Ms. Pugh-Ozua applied for unemployment benefits with the New York State Department of Labor.

104.    Defendants contested Ms. Pugh-Ozua's application.

105.    Defendants claimed that Ms. Pugh-Ozua had made a mistake at work.

106.    In reality, Ms. Pugh-Ozua's co-worker had made the mistake that Defendants claimed.

107.    Defendants were aware that Ms. Pugh-Ozua had not made the mistake that they had claimed.

108.    The unemployment board granted Ms. Pugh-Ozua's application for unemployment benefits.

## AS FOR THE FIRST CAUSE OF ACTION
## FOR SEX/GENDER HARASSMENT AND DISCRIMINATION UNDER TITLE VII
### (Against Defendant Companies)

109.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

110.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant.

111.    During all times material, Defendant Companies were and are employers within the meaning of Title VII.

112.    At all times material, Plaintiff was an employee and an individual within the meaning of Title VII.

113.    At all relevant times, Plaintiff was pregnant woman and was a member of protected classes within the meaning of Title VII.

114.    At all relevant times, Defendants were aware of Plaintiff's sex, gender and pregnancy.

115.    Defendants engaged in unlawful employment practices prohibited by Title VII with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

116.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

117.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

118.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

119.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

120.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

121.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

122.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

123.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

124.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

125.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE SECOND CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER TITLE VII
### (Against Defendant Companies)

126.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

127.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant.

128.     Defendants discriminated against and harassed Plaintiff in violation of Title VII.

129.     Plaintiff complained about Defendants' discrimination and harassment.

130.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

131.     Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

132.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

133.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

134.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

135.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

136.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

137.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE THIRD CAUSE OF ACTION
## FOR PREGNANCY HARASSMENT AND DISCRIMINATION UNDER TITLE VII

**(Against Defendant Companies)**

138.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

139.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, including section 2000e(k) (the Pregnancy Discrimination Act), for relief based upon the unlawful employment practices of the above-named Defendants.

140.    During all times material, Defendant Companies were and are employers within the meaning of Title VII.

141.    At all times material, Plaintiff was an employee and an individual within the meaning of Title VII.

142.    At all relevant times, Plaintiff was pregnant woman and was a member of protected classes within the meaning of Title VII.

143.    At all relevant times, Defendants were aware of Plaintiff's sex, gender and pregnancy.

144.    Defendants engaged in unlawful employment practices prohibited by Title VII with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

145.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

146.   Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

147.   Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

148.   Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

149.   Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

150.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

151.   As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

152.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

153.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

154.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

**AS FOR THE FORTH CAUSE OF ACTION**
**FOR PREGNANCY RETALIATION UNDER TITLE VII**
**(Against Defendant Companies)**

155.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

156.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, including section 2000e(k) (the Pregnancy Discrimination Act), for relief based upon the unlawful employment practices of the above-named Defendants.

157.    Defendants discriminated against and harassed Plaintiff in violation of Title VII.

158.    Plaintiff complained about Defendants' discrimination and harassment.

159.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

160.     Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

161.     Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

162.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

163.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

164.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

165.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADAAA
### (Against Defendant Companies)

166.    Plaintiff repeats and reallege each and every allegation made in the above paragraphs of this complaint.

167.    This claim is authorized and instituted pursuant to the provisions of the American with Disabilities Act, 42 U.S.C. § 12101, et seq., as amended ("ADAAA"), for relief based upon the unlawful employment practices of the above-named Defendants.

168.    Plaintiff's claims also include, but are not limited to, associational discrimination, harassment and retaliation pursuant to the ADAAA, 42 U.S.C. § 12112(b)(4), et seq. (defining unlawful employment actions to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association …").

169.    Defendant Companies were and are employers within the meaning of the ADAAA.

170.    Plaintiff's son was disabled, regarded as disabled and/or had a record of a disability within the meaning of the ADAAA.

171.    Defendants were aware of Plaintiff's son's disability(ies).

172.    At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position with or without an accommodation.

173.    Plaintiff requested reasonable accommodation(s) from Defendants.

174.    Defendants engaged in unlawful employment practices prohibited by the ADAAA with misconduct including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

175.    Each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the unlawful misconduct.

176.    Defendants' discrimination was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

177.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

178.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good names and reputations, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

179.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demand punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

180.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under the ADAAA.

### AS FOR THE SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE ADAAA
### (against Defendant Companies)

181.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

182.    This claim is authorized and instituted pursuant to the provisions of the American with Disabilities Act, 42 U.S.C. § 12101, et seq., as amended ("ADAAA"), for relief based upon the unlawful employment practices of the above-named Defendants.

183.    Defendants engaged in unlawful employment practices prohibited by the ADAAA.

184.    Plaintiff complained about Defendants' unlawful conduct.

185.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

186.    Each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

187.    Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

188.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

189.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff hassuffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

190.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

191.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under the ADAAA.

**AS FOR THE SEVENTH CAUSE OF ACTION**
**FOR SEX/GENDER HARASSMENT AND DISCRIMINATION UNDER THE NYSHRL**

192.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

193.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

194.    At all relevant times, Defendant Companies were and are employers within the meaning of the NYSHRL.

23

195.   At all relevant times, Defendant Carpenter was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYSHRL.

196.   At all relevant times, Defendant Ngeau was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYSHRL.

197.   At all relevant times, Defendant Karacia was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYSHRL.

198.   At all times material, Plaintiff was an employee and an individual within the meaning of the NYSHRL.

199.   Plaintiff is a member of protected class(es) under the NYSHRL.

200.   Defendants engaged in unlawful employment practices prohibited by the NYSHRL with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

201.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

202.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

203.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

204.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

205.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

206.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE EIGHTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE NYSHRL

207.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

208.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

209.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

210.     Plaintiff complained about Defendants' unlawful activities.

211.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

212.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

213.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

214.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

215.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

216.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE NINTH CAUSE OF ACTION**
**FOR PREGNANCY HARASSMENT AND DISCRIMINATION UNDER THE NYSHRL**

217.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

218.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

219.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

220.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

221.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

222.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

223.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

224.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

225.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE TENTH CAUSE OF ACTION
## FOR PREGNANCY RETALIATION UNDER THE NYSHRL

226.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

227.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

228.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

229.     Plaintiff complained about Defendants' unlawful activities.

230.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

231.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

232.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

233.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

234.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

235.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE NINTH CAUSE OF ACTION
## FOR PREGNANCY HARASSMENT AND DISCRIMINATION UNDER THE NYSHRL

236.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

237.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

238.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

239.     Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

240.     Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by

the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

241.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

242.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

243.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

244.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE TENTH CAUSE OF ACTION
## FOR PREGNANCY RETALIATION UNDER THE NYSHRL

245.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

246.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

247.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

248.    Plaintiff complained about Defendants' unlawful activities.

249.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

250.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

251.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

252.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

253.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

254.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE ELEVENTH CAUSE OF ACTION
## FOR SEX/GENDER/CHILD CARE HARASSMENT AND DISCRIMINATION
## UNDER THE NYCHRL

255.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

256.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

257.   At all relevant times, Defendant Companies were and are employers within the meaning of the NYCHRL.

258.   At all relevant times, Defendant Carpenter was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYCHRL.

259.   At all relevant times, Defendant Ngeau was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYCHRL.

260.   At all relevant times, Defendant Karacia was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYCHRL.

261.   At all times material, Plaintiff was an employee and an individual within the meaning of the NYCHRL.

262.   At all times material, Plaintiff was and is a breastfeeding woman, mother and a member of protected classes within the meaning of the NYCHRL.

263.   Defendants engaged in unlawful employment practices prohibited by the NYCHRL with behaviors including, but not limited to, reducing Plaintiff's work hours,

terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

264.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

265.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

266.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

267.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

268.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

269.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE TWELFTH CAUSE OF ACTION
## <u>FOR SEX/GENDER/CHILD CARE RETALIATION UNDER THE NYCHRL</u>

270.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

271.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

272.      Plaintiff complained about Defendants' discrimination and harassment.

273.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

274.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

275.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

276.      Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

277.     Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

278.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

279.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

280.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE THIRTEENTH CAUSE OF ACTION
## FOR PREGNANCY HARASSMENT AND DISCRIMINATION
## UNDER THE NYCHRL

281.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

282.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

283.     Defendants engaged in unlawful employment practices prohibited by the NYCHRL with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

284.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

285.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

286.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

287.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys' fees and costs.

288.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

289.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE FORTEENTH CAUSE OF ACTION**
**FOR LACTATION RETALIATION UNDER THE NYCHRL**

290.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

291.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

292.      Plaintiff complained about Defendants' discrimination and harassment.

293.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

294.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

295.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

296.      Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

297.     Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

298.      As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other

damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

299.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

300.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

### AS FOR THE FIFTEENTH CAUSE OF ACTION
### FOR DISABILITY HARASSMENT AND DISCRIMINATION
### UNDER THE NYCHRL

301.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

302.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

303.     Defendants engaged in unlawful employment practices prohibited by the NYCHRL with behaviors including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

304.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

305.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

306.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

307.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys' fees and costs.

308.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

309.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE SIXTEENTH CAUSE OF ACTION
## FOR DISABILITY RETALIATION UNDER THE NYCHRL

310.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

311.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

312.   Plaintiff complained about Defendants' discrimination and harassment.

313.   In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, reducing Plaintiff's work hours, terminating Plaintiff's employment for purported activities that another employee performed, not Plaintiff, and contesting Plaintiff's application for unemployment benefits on factually inaccurate grounds.

314.   Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

315.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

316.   Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

317.   Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

318.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

319.   As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional

pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

320.     Plaintiff is entitled to recover monetary damages and other damages and relief,

including punitive damages, interest, and attorneys' fees and costs from Defendants under the

NYCHRL.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited

by Title VII, the ADAAA, the New York State Human Rights Law, and the New York City

Human Rights Law; and that Defendants unlawfully discriminated and retaliated against

Plaintiff.

B.  Declaring that the Defendants intentionally caused Plaintiff to become

emotionally distressed;

C.  Awarding damages to Plaintiff, retroactive to the date of Plaintiff's employment

termination, for all lost wages and benefits, past and future, back pay and front pay, and

liquidated damages, resulting from Defendants' unlawful discrimination and retaliation, and to

otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment

practices;

D.  Awarding Plaintiff compensatory damages for mental and emotional distress, and

injury to reputation;

E.  Awarding Plaintiff punitive damages under the Title VII, ADAAA and the

NYCHRL;

F.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action under Title VII, ADAAA and the NYCHRL; 

G.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.


Dated:   New York, NY
         February 25, 2018


                              Respectfully submitted,

                              LAW OFFICES OF LAURIE E. MORRISON


                              By: _____
                                   Laurie E. Morrison, Esq.
                                   100 Church Street, 8th Floor
                                   New York, New York10007
                                   (212) 721-4051 (office)
                                   (646) 651-4821 (fax)
                                   morrison@lemorrisonlaw.com
                                   *Attorney for Plaintiff*


**TO:**

Springhill Suites (a.k.a. Springhill Suites Marriott)
25 West 37th Street
New York, New York 10018
Fax: (212) 385-9174

Marriott Hotel Services, Inc.
Via Secretary of State
C/O Corporate Creation Network Inc.
15 North Mill Street
Nyack, New York, 10960

Marriott Worldwide Reservation Services, LLC
Via Secretary of State

C/O Corporate Creation Network Inc.
15 North Mill Street
Nyack, New York, 10960

Marriott Resorts Hospitality Corporation
Via Secretary of State
C/O Corporation Service Company
80 State St
Albany, New York, 12207

Marriott Resorts, Travel Company, Inc.
Via Secretary of State
C/O Corporation Service Company
80 State St
Albany, New York, 12207

Carrie Carpenter
c/o Springhill Suites (a.k.a. Springhill Suites Marriott) (Defendant's Place of Business)
25 West 37th Street
New York, New York 10018
Fax: (212) 385-9174

Gina Ngeau
c/o Springhill Suites (a.k.a. Springhill Suites Marriott) (Defendant's Place of Business)
25 West 37th Street
New York, New York 10018
Fax: (212) 385-9174

Aubrey Karacia
c/o Springhill Suites (a.k.a. Springhill Suites Marriott) (Defendant's Place of Business)
25 West 37th Street
New York, New York 10018
Fax: (212) 385-9174