UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANELL PUGH-OZUA,

                Plaintiff,

v.

SPRINGHILL SUITES a/k/a SPRINGHILL SUITES MARRIOTT, MARRIOTT HOTEL SERVICES, INC., MARRIOTT WORLDWIDE RESERVATION SERVICES, LLC, CARRIE CARPENTER, GINA NGEAU, AND AUBREY KARACIA,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

No. 18-CV-1755 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Shanell Pugh-Ozua[1] filed this employment discrimination action against her former employer, Defendants Springhill Suites, Marriott Hotel Services, Inc., Marriott Worldwide Reservation Services, LLC, Marriott Resorts Hospitality Corporation, and Marriott Resorts, Travel Company, Inc, and her former individual supervisors Carrie Carpenter, Gina Ngeau, and Arberie Karacica (sued as Aubrey Karacia).[2] Now before the Court are Plaintiff's Objections to Magistrate Judge Freeman's February 5, 2020 Order, Dkt. 124 (the "Order"), which denied Plaintiff's motion for discovery sanctions pursuant to Fed. R. Civ. P. 37(e). For the reasons that follow, Judge Freeman's Order is affirmed and Plaintiff's objections are overruled.

---

[1] Although the docket spells Plaintiff's last name as "Pugh-Ouza," it appears based on her own filings that her last name is correctly spelled "Pugh-Ozua." The Court thus uses that spelling in this Order. The Clerk of Court is respectfully directed to amend the case caption accordingly.
[2] On August 5, 2019, the Court dismissed the claims against Defendant Karacica without prejudice. See Dkt. 113.

**BACKGROUND**

The Court assumes familiarity with the factual allegations and procedural history of this case, and therefore includes only those facts necessary to address the instant objections.

Plaintiff was employed by Defendants as a front desk agent at one of Defendants' hotels in Manhattan from November 2015 to February 2016. Compl. ¶¶ 25, 69. She alleges that Defendants discriminated against her based on her gender and pregnancy, and based on her son's medical needs, in violation of various federal and state anti-discrimination laws. According to Plaintiff, Defendants discriminated against her by improperly reducing her work schedule after her son's hospitalization for emergency surgery and after she became pregnant, and by ultimately terminating her for complaining of the discrimination. *See, e.g.*, Compl. ¶¶ 85, 88, 99-100.

Plaintiff's objections to Judge Freeman's order arise from a lengthy dispute over the existence and retrievability of certain electronically stored information ("ESI") purportedly held by Karacica, including an audio recording and certain text messages and emails. Many of the facts surrounding such ESI are uncontested. The parties do not dispute that Karacica recorded Plaintiff's termination meeting and a conversation between Karacica and Plaintiff that occurred immediately after that meeting. *See* Pl. Obj., Dkt. 133, at 3; Defs. Opp'n, Dkt. 136, at 3. Nor do they dispute that Karacica deleted the portion of the audio recording containing her conversation with Plaintiff immediately after the termination meeting. *See* Pl. Obj. at 3; Defs. Opp'n at 3-4. When Plaintiff realized that the recording had been edited, she alerted the Court and requested an extension of the discovery deadlines to allow for further investigation. *See* Dkt. 75. In response, on March 26, 2019, Judge Freeman directed Defendants "to secure the assistance of a forensic expert to determine whether the remaining audio may be recovered from Karacica's phone." *See* Dkt. 89 at 13. Defendants did so, and their forensic expert concluded that the complete recording was not

retrievable from Karacica's phone. *See* Dkt. 93-1. Thereafter, Plaintiff filed a letter arguing that the forensic report was inconsistent with statements made by Karacica at her deposition, in that that the forensic analyst was told that there were no backups in iCloud but Karacica testified that the recording should be in her iCloud. *See* Dkt. 94 at 5. Judge Freeman then directed Defendants to engage their forensic expert to "attempt to restore the recording from iCloud storage and supplement his report with an explanation of the steps taken to do so." Dkt. 99 at 8. Defendants' expert ultimately concluded that the full audio file was not recoverable from iCloud, which indicated that the complete file was deleted prior to the earliest backup date of February 1, 2019. *See* Dkt. 111-8 at 3.

As to the text messages and emails pertinent to Plaintiff's case, which Plaintiff alleges Karacica deleted, Defendants previously asserted that they have been unable to retrieve text messages from Karacica's service provider beyond August 2017 and that they have not located any additional emails beyond those already provided by Plaintiff. *See* Defs. Opp'n at 6-7; *see also* Dkt. 67-2 at 2 (email from defense counsel Brian Murphy on December 11, 2018 stating that text messages were not recoverable from Karacica's service provider "beyond 16 months from today"); Dkt. 87 at 2 (email from Murphy explaining that Karacica cannot get certain phone records because she has switched service providers). On June 12, 2019, Judge Freeman concluded that she was "satisfied" with Defendants' attempts to locate and produce such emails, and noted that "the mere fact that no further emails were located and produced does not mean that the search was inadequate."[3] Dkt. 99 at 2.

On August 1, 2019, Plaintiff moved for a finding of spoliation, adverse inference, attorney's fees, and other remedies against Defendants pursuant to Rule 37(e). *See* Sanctions Mot.,

---

[3] Plaintiff had previously requested a declaration from Defendants detailing efforts to retrieve call logs and text messages from Karacica's cell phone provider, which was denied. *See* Dkt. 89 at 18–19.

3

Dkt. 109, at 26. Plaintiff argued that the audio recording, emails, and texts had all been deleted intentionally, depriving her of critical evidence to support her case. In a text order on February 5, 2020, Judge Freeman denied the motion, explaining that Plaintiff's allegations that Karacica had deliberately destroyed the audio recording were "wholly unsupported by the record," and that, with respect to the text messages and emails, "even if Karacica was on notice of a duty to preserve such communications," Plaintiff had not demonstrated Karacica's intent to deprive her of the information's use in litigation, as required for the imposition of penalties under Rule 37(e)(2). *See* Dkt. 124.

Plaintiff timely filed the instant Rule 72(a) objections to the February 5, 2020 text order on February 19, 2020. *See* Dkt. 126. Defendants filed their opposition on March 4, 2020, *see* Dkt. 127, and Plaintiff replied on March 12, 2020, *see* Dkt. 131.[4]

## STANDARD OF REVIEW

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). With respect to non-dispositive matters, such as the discovery order at issue here, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Goonewardena v. N.Y. Workers Comp. Bd.*, No. 09-CV-8244 (RA), 2015 WL 3404078, at *1 (S.D.N.Y. May 27, 2015) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.") (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "A magistrate judge's order is 'clearly erroneous' if the district court 'is left with the definite and firm conviction that a mistake has been committed.'" *David v. Weinstein*

---

[4] These docket entries were erroneously entered. In light of the parties' filing errors, Plaintiff refiled her objections and reply brief on March 18, 2020, *see* Dkts. 133–34, and Defendants refiled their opposition on March 23, 2020, *see* Dkt. 136. Docket references throughout this opinion refer to the filings as re-entered.

4

*Company LLC*, No. 18-CV-5414 (RA), 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference." *Roth v. United States*, No. 09-CV-8712 (GBD) (LMS), 2011 WL 2947004, at *1 (S.D.N.Y. July 19, 2011) (internal quotation omitted). This standard of review is "highly deferential," and "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite*, 924 F. Supp. 2d at 511). Thus, a party seeking to overturn a magistrate judge's decision must carry a "heavy burden." *Weinstein Company*, 2020 WL 4042773, at *3; *Thai Lao Lignite*, 924 F. Supp. 2d at 512. Moreover, "courts in this circuit generally follow the rule that a district court reviewing an appeal of a non-dispositive motion from a magistrate judge may not look beyond the factual record presented to the magistrate judge." *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (citing *Thai Lao Lignite*, 924 F. Supp. 2d at 511). Additionally, courts in this Circuit "generally do not entertain new legal arguments not presented to the magistrate judge." *Id.* at 353 (quoting *Anderson v. Phoenix Beverage Inc.*, No. 12-cv-1055, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015)).

## DISCUSSION

Plaintiff makes two objections. First, she objects that the Order did not consider the potential for remedies under Rule 37(e)(1), *see* Pl. Obj. at 2, and argues that she was entitled to

5

such remedies. *Id*. at 7–8. Second, she objects that Judge Freeman erred by failing to address her request for discovery of certain emails provided by Defendant *in camera*. *See id.* at 6-7. The Court will address each objection in turn.

## I.     Rule 37(e)(1) Objections

Plaintiff first objects that Judge Freeman's order focused exclusively on remedies under Rule 37(e)(2) without considering that less severe remedies may be available under Rule 37(e)(1). *See* Pl. Obj. at 2. Whereas Rule 37(e)(2) authorizes three "particularly harsh" enumerated sanctions on a party that fails to preserve electronically stored information "with the intent to deprive another party of the information's use," *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363 (ALC) (DF), 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018), Rule 37(e)(1) authorizes unspecified remedies whenever the loss of electronically stored information causes "prejudice to another party," regardless of intent. *See Karsch v. Blink Health Ltd.*, No. 17-cv-3880 (VM) (BCM), 2019 WL 2708125, at *13 (S.D.N.Y. June 20, 2019). Plaintiff claims that Judge Freeman erred in declining to consider the "less severe, curative remedies" available under Rule 37(e)(1). Pl. Obj. at 7.

As an initial matter, the Court disagrees with Defendants that Plaintiff failed to request sanctions under Rule 37(e)(1). *See* Defs. Opp'n at 11-12. Although, as Plaintiff acknowledges, her motion for sanctions "focused primarily" on Rule 37(e)(2) sanctions, *see* Pl. Obj. at 8, her motion sufficiently invoked the possibility of Rule 37(e)(1) sanctions and argued that she was "prejudice[d] . . . from loss of the information." Fed. R. Civ. P. 37(e)(1). Her motion noted that "[a]bsent [] a showing [of intent to deprive] . . . a movant may still be awarded sanctions under [Rule 37(e)(1)] upon a showing of prejudice." Sanctions Mot. at 10. She then cursorily stated that "prejudice occurred," arguing that, because the sample of text messages from Karacica that the

6

Plaintiff recovered from her own phone "affirmatively support" her claim, the deleted text communications would support her claim as well. *Id*. at 24.

Plaintiff is incorrect, however, that Judge Freeman "neglected to address" remedies available to her under Rule 37(e)(1) and focused only on whether Plaintiff was entitled to sanctions under Rule 37(e)(2).[5] *See* Pl. Obj. at 7. Judge Freeman's Order explicitly referred to her prior order of March 26, 2019, which held that "on the current record, the imposition of sanctions for such purported misconduct [is] wholly unwarranted." Dkt. 89 at 13. Judge Freeman had issued that order in response to a letter from Plaintiff making "a formal motion for spoliation of evidence[,] . . . an adverse inference against Defendants related to Karacica's edited recording, and for such further remedies that the Court finds just and proper under the circumstances." Dkt. 75 at 5. In that letter motion, Plaintiff specifically requested both an adverse inference, a remedy available only under Rule 37(e)(2), and nonspecific "further remedies," which would fall under Rule 37(e)(1). *See* Fed. R. Civ. P. 37(e)(1) ("[U]pon finding prejudice to another party from loss of the information, [the Court] may order measures no greater than necessary to cure the prejudice."). The Order then stated that "Plaintiff's [underlying sanctions] motion does not identify any additional evidence that would alter this Court's prior ruling," referring to the March 2019 order. *See* Dkt. 124. Although Plaintiff is correct that Judge Freeman did not *explicitly* discuss potential remedies under Rule 37(e)(1), she nonetheless incorporated her past order rejecting "sanctions" for spoliation of the same evidence at issue here. The Court can therefore discern no clear error in Judge Freeman's decision to not explicitly refer to Rule 37(e)(1) in the Order.

---

[5] Plaintiff's objections to this Court focus almost entirely on her request for sanctions under Rule 37(e)(1), while—as she acknowledges—her underlying motion for sanctions "focused primarily on argument related to [Rule] 37(e)(2)." *See* Pl. Obj. at 8. Plaintiff makes no arguments related to Judge Freeman's Rule 37(e)(2) ruling in her instant objections, stating only in her reply brief that she does not "concede[] to the Order's rejection of Rule 37(e)(2) remedies." *See* Pl. Reply at 3 n.1. Nonetheless, Plaintiff does not identify, nor does the Court discern, any clear error committed by Judge Freeman regarding the Rule 37(e)(2) ruling.

The Court further finds that Judge Freeman reasonably exercised her discretion in declining to award Plaintiff curative remedies under Rule 37(e)(1), as the record does not establish the requisite prejudice. *See* Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendments (the rule "does not place a burden of proving or disproving prejudice on one party or the other," but rather "leaves judges with discretion to determine how best to assess prejudice in particular cases"). In her underlying sanctions motion, Plaintiff's arguments as to prejudice were generic and merely asserted that the "limited sample" of text messages between Plaintiff and Karacica "affirmatively support" Plaintiff's claim; Plaintiff then inferred from this limited sample that "Karacica's other deleted communications also consisted of admissions and communications that" affirmatively support Plaintiff's claim. Sanctions Mot. at 24. Plaintiff also contends that the "prejudice [was] described throughout" her briefing on the underlying motion, *see* Pl. Reply, Dkt. 134, at 8 citing her underlying reply brief, Dkt. 119, at 12-13. The discussion in this portion of Plaintiff's underlying reply, however, consists only of an argument that the deleted recording has probative value.

Assuming Plaintiff is correct that the deleted portion of the audio recording had probative value and would therefore have constituted relevant evidence, the mere fact that deleted materials were relevant does not itself establish prejudice. *See Karsch*, 2019 WL 2708125, at *20 ("Standing alone, [the] threshold finding [that deleted evidence was relevant] cannot also satisfy the separate 'prejudice' requirement of subsection (e)(1)."). And although affirmative proof of prejudice may not be "categorically necessary" in instances "where a party destroys the *only* evidence that might vindicate their opponent's claims," *Ungar v. City of New York*, 329 F.R.D. 8, 15 (E.D.N.Y. 2018) (emphasis added), Plaintiff does not suggest that the deleted portion of the recording was the only evidence available to prove her claim, *see* Sanctions Reply, Dkt. 119, at 12-13 (discussing the

8

relevance of text messages, Karacica's deposition, and Plaintiff's declaration to Plaintiff's claim). Moreover, Defendants are correct that Karacica's statements as to the rationale for Plaintiff's termination are, at best, merely Karacica's own opinion, as Karacica was not aware that Plaintiff would be terminated until the meeting occurred and was asked to attend only in her capacity as a union delegate. *See* Karacica Tr., Dkt. 116-3, at 280:15-281:25. Because prejudice was not established, Judge Freeman did not commit clear error in declining to award sanctions under Rule 37(e)(1) with respect to the audio recording.

As to the allegedly deleted text messages and emails, Plaintiff provided no evidence of prejudice in her underlying motion for sanctions beyond the supposition that, because one set of existing text messages support Plaintiff's claims, other allegedly deleted communications would similarly support her claims. Plaintiff's arguments to Judge Freeman did not detail what these allegedly deleted text messages or emails would say or how they would have advanced her claims of discrimination. Even if these communications existed, "[i]n order to craft a sanction that would restore Plaintiff to the position [s]he would have occupied" had the communications not been deleted, "the magistrate was within her discretion to require some proof that [the deleted materials] would have corroborated Plaintiff's claims." *See Ungar*, 329 F.R.D. at 16. Plaintiff has not provided any evidence—aside from her own speculation—to support her argument that the text messages and emails would have corroborated her claims. Accordingly, Judge Freeman did not commit clear error in declining to grant sanctions under Rule 37(e)(1) with respect to the text messages and emails.

In sum, Judge Freeman did not clearly err in implicitly finding that Plaintiff had not demonstrated the requisite prejudice to justify sanctions, especially given the cursory Rule 37(e)(1)

9

arguments asserted in Plaintiff's underlying motion. Plaintiff's objections in this regard are thus overruled.

## II. Plaintiff's Motion to Compel Production of Emails

Plaintiff also objects that the Order was "silent with respect to Plaintiff's motion to compel production of Karacica's email(s), where Karacica admitted to editing the audio recording before she produced it in discovery." Pl. Obj. at 2. This objection fails. Plaintiff's motion was for sanctions, not to compel production of the emails between Karacica and defense counsel. Her offhanded request for the emails was raised for the first time in her sanctions motion reply brief, *see* Sanctions Reply at 12, after Defendants provided certain documents to Judge Freeman for *in camera* review. *See* Defs. Sanctions Opp'n, Dkt. 116, at 7 n.4. Generally, "a court should not 'consider arguments that are raised for the first time in a reply brief.'" *Mateo v. Bristow*, No. 12 Civ. 5052 (RJS), 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 n.5 (2d Cir. 2006)). "When parties engage in motion practice," however, "'reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'" *Bravia Capital Partners v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000)). Nonetheless, by declining to consider the request for the emails, Judge Freeman was acting well within her discretion. *See Leo v. Leisure Direct, Inc.,* No. 06 Civ. 13566 (DAB), 2018 WL 4119128, at *2 (S.D.N.Y. Aug. 29, 2018).

Moreover, Defendants provided these emails to Judge Freeman for a limited purpose: "solely to dispel" Plaintiff's accusation that counsel intentionally did not produce the recording until four days after the initial fact discovery deadline by showing that the recording was immediately produced after Karacica found it. Defs. Sanctions Opp'n at 7 n.4; *see also* Sanctions

10

Mot. at 17 ("Defendants neglected to produce, or even mention, Karacica's edited recording until 4 days after the initial December 10th discovery deadline."). Although Plaintiff asserts that "Defendants relied on these email(s) to claim that the spoliation was somehow harmless" and that "the emails definitively confirm that both Karacica and defense counsel knew the recording was edited when they produced it," Pl. Obj. 6, the discussion in Defendants' opposition brief regarding these emails simply does not suggest that they used the emails to demonstrate harmless spoliation. *See* Defs. Sanctions Opp'n at 7. Nor does Defendants' explanation for providing the emails *in camera* to Judge Freeman indicate that defense counsel was aware the recording was edited when they received it. *See id.* The Court thus disagrees with Plaintiff's interpretation that Defendants relied on these emails to claim that spoliation was harmless. And, in any event, the Order contains no suggestion that Judge Freeman relied on the *in camera* emails in rejecting Plaintiff's motion for sanctions under Rule 37(e)(2). Rather, Judge Freeman focused on the fact that *Plaintiff* failed to provide "any additional evidence" casting doubt on Judge Freeman's prior rulings—rulings that were issued well before Defendants provided any *in camera* emails to the Court. *See* Dkt. 124.

Because Plaintiff's request for the emails was made only in the reply brief on her sanctions motion, because the emails were provided for the limited purpose of clarifying that defense counsel was not aware of the recording before the discovery period closed and not for their value in disproving intent or prejudice under Rule 37(e), and because the Order does not appear to rely specifically on the emails, Judge Freeman's decision to not rule on Plaintiff's "motion to compel" their production was not clear error. Nothing in this Order, however, prevents Plaintiff from moving separately to compel production of these emails, to the extent she has a good faith basis to do so.

11

## CONCLUSION

For the foregoing reasons, Judge Freeman's Order is affirmed and Plaintiff's objections are overruled.

SO ORDERED.

Dated:   November 9, 2020
         New York, New York

_____
RONNIE ABRAMS
United States District Judge